UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE OPARAJI,<br><br>                    Plaintiff,<br><br>     v.<br><br>V4 LAND SURVEYING PLLC, CHICAGO TITLE INSURANCE COMPANY, MAR NHT 1 LLC, TAG NHT 1 LLC, MAR ACQUISITION GROUP LLC, TAG DEVELOPMENT LLC, WFG NATIONAL TITLE INSURANCE COMPANY, A ABSOLUTE ESCROW SETTLEMENT CO INC., ACRES LAND TITLE AGENCY, INC., PETER A. UZZOLINO,<br><br>                    Defendants. | Civil Action No. 23-cv-20847 (JXN)(JSA)<br><br>**OPINION** |

**NEALS**, District Judge

This matter comes before the Court upon Defendants MAR NHT 1, LLC, TAG NHT 1, LLC, MAR Acquisition Group, LLC ("MAR"), TAG Development, LLC ("TAG"), Jonathan Teoh and Raphael Salermo ("Salermo") (collectively, the "MAR/TAG Defendants"); WFG National Title Insurance Company ("WFG"); Exit Realty Lucky Associates ("Exit Realty"); Acres Land Title Agency, Inc. ("Acres"), A Absolute Escrow Settlement Co., Inc. ("A Absolute") and Peter A. Uzzolino ("Uzzolino") (collectively the "Acres Defendants"); Chicago Title Insurance Company ("CTIC"); and V4 Land Surveying, PLLC's ("V4")[1] motions to dismiss *pro se* Plaintiff Maurice Oparaji's ("Oparaji" or "Plaintiff") Complaint for lack of jurisdiction and failure to state

---

[1] Hereinafter, the MAR/TAG Defendants, WFG, Exit Realty, the Acres Defendants, CTIC, and V4 shall be collectively referred to as "Defendants".

a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 10, 11, 14, 15, 18, 20.) Also before this Court are Plaintiff's motions to amend pursuant to Federal Rule of Civil Procedure 15(a). (ECF Nos. 69; 78.) The Court has carefully reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) are **GRANTED,** and the Complaint is **DISMISSED**. Plaintiff's motions to amend are **DENIED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**[2]

This case involves disputed claims related to the transfer of parcels of property in Newark, New Jersey. Extensive state court proceedings related to the Newark properties preceded this civil action. The facts and procedural history of this case are well-known to the parties; therefore, the Court highlights only those aspects relevant to deciding the present motions.

A. **The Underlying New Jersey State Court Action**

1. Chancery Division Litigation

On July 14, 2021, MAR and TAG filed a lawsuit against Plaintiff in the Superior Court of New Jersey, Chancery Division, Essex County ("State Court"), under Docket Number ESX-C-120-21 (the "State Court Action"). (Complaint ("Compl.") at *99,[3] ECF No. 1) The action sought specific performance against Plaintiff and Me&You Biotech, Inc. ("Biotech") of the contract for the sale of real property known as 71 Isabella Avenue, Newark, New Jersey ("Lot 51") to MAR and the contract for the sale of real property known as 73 Isabella Avenue, Newark, New Jersey ("Lot 50") to TAG. Plaintiff, individually, filed a responsive pleading on July 23, 2021, captioned

---

[2] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] Pin-cites preceded by an asterisk (*) refer to the pagination atop the CM/ECF header.

as "Verified Answer with Counterclaim: Fraudulent misrepresentation; Negligent misrepresentation; Breach of contract; Bad faith; conspiracy to commit Fraud; Fraud; Unjust enrichment; New Jersey Consumer Fraud Act ("CFA"); Privacy and procedural due process under New Jersey Constitution; Declaratory and Injunctive relief," (Compl. at 99, ¶ 3) and improperly referred to all of the named parties (MAR, TAG, WFG, Valley Surveying PLLC, the Acres Defendants, Jonathan Teoh ("Teoh") and Salermo as "counter-defendants."[4] (*See* Declaration of Joseph H. Tringali ("Tringali Decl."), Ex. G(3), ECF No. 10-2.)

Plaintiff unsuccessfully attempted to remove the case to federal court based on diversity jurisdiction. (*See* Tringali Decl., Ex. F, copy of the Opinion directing remand to the Superior Court of New Jersey, Essex County, in the matter captioned *MAR Acquisition Group, LLC and TAG Development, LLC v. Maurice Oparaji and Me & You Biotech Inc*, Civil Action No. 2:21-14576 (JXN)(ESK).)

Biotech was served with MAR and TAG's complaint and the Order to Show Cause, but never filed an answer; as a result, MAR and TAG entered default against Biotech. (Tringali Decl., Ex H at 5 n.4.) Thereafter, MAR and TAG moved for summary judgment for the relief of specific performance of the two contracts for sale of real estate and dismissal of the initial Oparaji pleading. On March 8, 2022, the State Court issued a series of Orders, including an Order dismissing Oparaji's Pleading with prejudice and granting Plaintiffs' motion for summary judgment for specific performance against Oparaji and Biotech; and separate Orders dismissing Oparaji's Third

---

[4] The Court notes that, unlike the other named defendants in this action, CTIC and V4 are not, and never were, parties to the State Court Action entitled *MAR Acquisition Group, LLC, et al. v. Oparaji, et al.*, Docket No. ESX-C-120-21. (*See* ECF Nos. 18-2 at *1; 20-1 at 2.) CTIC's connection to this matter involved the issuing of the initial commitment and endorsements to MAR and TAG. (*See* ECF No. 18-2 at *1) (citing Compl. at *202-203.) However, CTIC ultimately did not issue a policy of title insurance, and the transaction proceeded with a different underwriter. (*See id*.) (citing Compl. at *164, ¶¶ 12-16.) V4, for its part, prepared a land survey of two of the properties at issue in this lawsuit in May of 2021. (ECF No. 20-1 at 2.)

Party Complaints against the Acres Defendants, Exit Realty, and WFG. (*See* Tringali Decl., Ex. G.)

### i. Enforcement by Specific Performance

MAR and TAG filed a motion to enforce litigant's rights on or about June 8, 2022. (Compl. at 137.) Oparaji opposed the motion (Compl. at *147), but on June 24, 2022, an Order was entered by the Honorable James R. Paganelli, J.S.C., which fixed the closing date of July 15, 2022. (Compl. at *163.)

On or about November 2, 2022, MAR and TAG filed another motion to enforce litigant's rights, requesting the appointment of a Court Appointed Agent to "do all acts necessary" to convey title if Oparaji and Biotech failed to comply with the order, which was heard by the Honorable Lisa M. Adubato, J.S.C., sitting in Chancery Court. (*See* Compl. at *165, ¶ 19.) The State Court entered an Order on December 8, 2022, granting Plaintiffs' motion in aid of litigants' rights, and appointed a Court Appointed Agent, Pamela M. Kapsimalis, and fixed the closing date for December 21, 2022. (Compl. ¶ 17.) Oparaji and Biotech failed to appear at the December 21, 2022 closing. In the absence of an application for a stay to the State Court, the Court-Appointed Agent executed the Deed from Biotech to TAG for Lot 50. (Compl. at *14.) As authorized by the December 8, 2022 Order, the Court Appointed Agent also executed the Deed from Biotech to MAR for Lot 51. (Compl. at *38.)

### 2. The New Jersey Appellate Division Affirms the State Court

Oparaji filed a Second Amended Notice of Appeal on April 18, 2022. (Compl. at *117.) Biotech did not participate in the appeal. The April 21, 2023, Opinion of the Appellate Division affirmed the State Court. (Tringali Decl., Ex. H.)

### 3. The New Jersey Supreme Court Denies Oparaji's Petition for Certification

On June 14, 2023, Oparaji filed a Notice of Petition to the New Jersey Supreme Court. (Tringali Decl., Ex. I.) By letter dated August 31, 2023, Oparaji raised to the Supreme Court Clerk his position that the parties to the litigation and the Court Appointed Agent "conspired and colluded to steal my properties located at 71 Isabella Avenue and 73 Isabella Avenue," and pointing out that the Court Appointed Agent signed on behalf of Biotech "to steal my properties." (Tringali Decl., Ex. K.)

On April 2, 2024, the New Jersey Supreme Court issued an Order denying Oparaji's petition for certification of the judgment in the Superior Court of New Jersey, Appellate Division in the matter captioned *MAR Acquisition Group, LLC and TAG Development, LLC, Plaintiffs-Respondents, v. Maurice Oparaji, Defendant/Third Party Plaintiff-Petitioner, and Me & You Biotech, Inc., Defendant, v. MAR Acquisition Group, LLC and TAG Development, LLC, Defendants-Respondents, and WFG National Title Insurance Company, Valley Surveying, PLLC, A Absolute Escrow Settlement Co., Inc., Acres Land Title Agency, Inc., Exit Realty Lucky Associates, Peter A. Uzzolino, Jonathan Teoh, and Raphael Salermo, Third-Party Defendants-Respondents,* docket number A-002160-21. (*See* Declaration of Joseph H. Tringali ("JHT Decl."), Ex. L, ECF No. 64.) As a result, the proceedings in the State Court Action are now fully concluded.

### B. The Instant Federal Court Action

On September 29, 2023, Plaintiff filed a *pro se* Complaint against Defendants for the unlawful taking of "plaintiff's properties located at 71, 73, and 75 Isabella Avenue in the City of Newark in the County of Essex and the State of New Jersey, Lots 50 and 51, Block 4035 in violation of N.J. Stat. § 2C:20-20 . . .." (collectively the "properties"). (Compl. ¶ 6.) In the Complaint, Plaintiff asserts the following eight "causes of action" pursuant to "Section 2C:20-20 of the New Jersey Code": Theft of Lot 50 (Against All Defendants except MAR and TAG) (Count

1), (Compl. ¶¶ 137-153); Theft Lot 51 (Against All Defendants except MAR and TAG) (Count 2), (Compl. ¶¶ 154-170); Possession and Control of Stolen Property, Lot 51 (Against Defendant MAR) (Count 3), (Compl. ¶¶ 171-187); Possession and Control of Stolen Property, Lot 50 (Against Defendant TAG) (Count 4), (Compl. ¶¶ 188-204); Property Damage to 75 Isabella Avenue, City of Newark, County of Essex, Lot 49, Block 4035, State of New Jersey ("Lot 49") (Against Salermo and WFG) (Count 5), (Compl. ¶¶ 205-214); Lot 49 (Against Salermo and TAG) (Count 6), (Compl. ¶¶ 215-221); Conspiracy to commit theft by deception (Against Salermo and TAG) (Count 7), (Compl. ¶¶ 222-229); and Conspiracy to commit theft by deception (Against All Defendants) (Count 8), (Compl. ¶¶ 230-250). Plaintiff alleges that "Defendants intended to use Plaintiff's stolen properties to assess public funds from various government sources, New Jersey Department of Community Affirms [sic], Division of Housing and Community Resources, and National Housing Trust Fund." (Compl. ¶ 8.)

In the Complaint, Plaintiff states that there were related State Court proceedings. (*Id*. ¶¶ 90-124) and details the procedural history in the New Jersey Superior Court and the New Jersey Appellate Division, and his disagreements with the outcome of those proceedings. (*See, e.g., id*. ¶¶ 105-06, 114.) Plaintiff attaches over 200 pages of exhibits to the Complaint, many of which are from the State Court proceedings. (ECF No. 1-1.) In the "Prayer for Relief" in Plaintiff's Complaint, Plaintiff asks this Court to: (A) cancel the deeds to the corporate defendants and any entity owned by Salermo; (B) cancel any application made to the state or the National Housing Trust Fund; (C) declare the December 8, 2022 Judgment and Order by Judge Adubato "void for Lack of Jurisdiction"; (D) declare the June 24, 2022 Judgment and Order by Judge Paganelli "void for Lack of Jurisdiction"; (E ) cancel the Court Appointed Agent "illegal void and invalid for violation of New Jersey Rule 4:53-4"; (F) requiring Salermo to repair the damages at 75 Isabella

Avenue (Lot 49); (G) barring Salermo from applying for funds, grants and loans "with plaintiff's properties;" (H) barring Salermo "and his companies" (including entities not parties to this action) "to leave plaintiff alone"; (I) awarding disgorgement of all financial benefits "from the theft, through repeated and persistent possession and control of plaintiff's properties known as 71-75 Isabella Avenue, Newark, New Jersey, of an amount to be determined at trial but estimated to be $12,000,000 plus prejudgment interest." (Compl. at *68- 69.)

On December 29, 2023, Plaintiff filed a motion to transfer venue to this Court's Trenton Vicinage, or the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404. (ECF Nos. 13.) In a Letter Order dated May 30, 2024, Plaintiff's motion to transfer venue/reassign the vicinage was denied. (*See* ECF No. 59.)

On December 22, 2023, the MAR/TAG Defendants filed a motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), contending that the Court lacks subject matter jurisdiction because there is no diversity or federal question present (ECF No. 10 at 14-15); that Plaintiff lacks standing (*id*. at 18-19); and that, in this case, Plaintiff repleads the same allegations asserted in the State Court Action and thus it is barred by the entire controversy doctrine, *res judicata*, and the *Rooker-Feldman* doctrine (*id*. at 22-25). Additional motions to dismiss were filed by WFG on December 26, 2023 (ECF No. 11); Exit Realty on January 2, 2024 (ECF No. 14); the Acres Defendants on January 4, 2024 (ECF No. 15); CTIC on January 12, 2024; (ECF No. 18); and V4 on January 25, 2024 (ECF No. 20), who joined in and adopted the arguments contained in the motions filed by their co-Defendants, in addition to the arguments set forth in their respective motions. (*See* ECF Nos. 11 at 2; 14-1 at 1; 15-2 at 2; 18-2 at *1; 21-1 at 2.)[5]

---

[5] On February 2, 2024, Defendants' motions to dismiss (ECF Nos. 10, 11, 14, 15, 18, 20) were administratively terminated pending the resolution of Plaintiff's motion to transfer/reassign vicinage. (See ECF No. 29.) On June 3, 2024, the MAR/TAG Defendants filed a letter requesting, with the consent of the other moving defendants, that all

Plaintiff opposed the motions (ECF Nos. 19, 21), and replies in further support were filed by WFG (ECF No. 23, 71), CTIC (ECF No. 24), the Acres Defendants, (ECF No. 72), and Exit Realty (ECF No. 73). Additionally, the MAR/TAG Defendants filed a supplemental brief in support of their motion (ECF No. 64), which Defendants WFG, the Acres Defendants, CTIC, and V4 joined. (ECF Nos. 65, 66,[6] 67, 68.)[7]

On July 2, 2024, Plaintiff filed a motion to amend his complaint pursuant to Fed. R. Civ. P 15 (the "first motion to amend"). (ECF No. 69.) The MAR/TAG Defendants filed an opposition (ECF Nos. 75, 76[8]), which was joined by CTIC (ECF No. 77). Plaintiff filed another motion to amend pursuant to Fed. R. Civ. P 15 on August 4, 2024 (the "second motion to amend"). (ECF No. 78.) Plaintiff's second motion to amend was opposed by the MAR/TAG Defendants (ECF No. 79), WFG (ECF No. 80), and CTIC (ECF No. 81). Plaintiff filed a reply certification in further support. (ECF No. 82.)

These motions are now fully briefed and ripe for the Court to decide.

## II. **LEGAL STANDARD**

---

the motions to dismiss be reinstated. (ECF No. 60.) By Letter Order filed June 5, 2024, the Court reinstated Defendants' motions to dismiss and fixed a schedule for supplements to the record. (ECF No. 62.)

[6] The Court notes that the letter filed by the Acres Defendants dated June 20, 2024 (ECF No. 66), adopting and joining in the MAR/TAG Defendants' June 19, 2024 supplemental memorandum of law, was incorrectly filed as a motion. As requested, the Court will deem the letter as having been filed in further support of the Acres Defendants' motion to dismiss and consider it accordingly. The motion filed at ECF No. 66 will be administratively terminated.

[7] On February 26, 2024, Plaintiff filed five motions "for an award under Rule 4(d)(2)" seeking reimbursement of $1,500 allegedly incurred in serving the summons and complaint on Defendants V4, the Acres Defendants, and CTIC, as well as expenses incurred with these motions. (ECF Nos. 40-44, 52, 55-56.) By Letter Order dated July 11, 2024, Plaintiff's motions for reimbursement were denied without prejudice. (ECF No. 70.) The Honorable Jessica S. Allen, U.S.M.J. ("Judge Allen") concluded that Plaintiff's motions were "devoid of any supporting documentation that would justify an award of $1,500 against each of the [] Defendants." (*Id*. at 4.)

[8] On July 25, 2024, the MAR/TAG Defendants filed a letter to the Court correcting "a typographical error" contained in their supplemental brief filed in support of their motion to dismiss (ECF No. 64), and in their opposition to Plaintiff's motion to amend (ECF No. 75). (ECF No. 76.) In the letter, the MAR/TAG Defendants advise that "to the extent that Me &You Biotech, Inc. ("Biotech") is referred to as the present owner of the properties, this is an error. Biotech is the entity to which Plaintiff transferred ownership of the properties at issue, and is no longer the present owner of 71 Isabella Avenue or 73 Isabella Avenue." (*Id*.)

### A. Rule 12(b)(1) - Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1), a party may bring a motion to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). There are two types of subject-matter challenges under Rule 12(b)(1): "either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). On a facial attack, the court "accept[s] the complaint's well-pled allegations as true, and review[s] 'the allegations of the complaint and documents referenced therein and attached thereto[ ] in the light most favorable to the plaintiff." *Manivannan v. United States Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). On a factual attack, "the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

### B. Rule 12(b)(5) – Insufficient Process

A plaintiff must serve a summons and complaint on each defendant within 90 days of filing the complaint, or the matter is subject to dismissal. Fed. R. Civ. P. 4(m). Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The party effectuating service has the burden of establishing that service was sufficient. *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Before a court dismisses a case for insufficient service of process, it must determine whether there was good cause for a plaintiff's failure to effect timely service. *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995). A plaintiff has the burden to establish good cause. *Mason v. Therics, Inc.*, No. 08-2404, 2009 WL 44743, at *2 (D.N.J. Jan. 6, 2009). "'[G]ood cause' has been defined as being tantamount to 'excusable neglect,'

under Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 610 (D.N.J. 2002) (quoting *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). If a plaintiff can demonstrate that good cause exists, "the district court must extend the time for service." *Petrucelli*, 46 F.3d at 1305. If, however, good cause does not exist, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Id.* To that end, courts have "broad discretion" in deciding a motion to dismiss pursuant to Rule 12(b)(5). *Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013).

### C. Rule 12(b)(6) - Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). A court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. <u>DISCUSSION</u>

Defendants move to dismiss Plaintiff's Complaint arguing that (1) the Court lacks subject matter jurisdiction as there is no diversity jurisdiction and no federal question posed; (2) Plaintiff's claims are not sustainable as a matter of law because Plaintiff was not the "owner" and lacks standing to assert the claims presented in this action; (3) the doctrines of entire controversy and *res judicata* bar Plaintiff's claims; and (4) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. (*See generally* ECF Nos. 10, 11, 14, 15, 18, 20.) The Court agrees.

#### A. The Court Lacks Subject Matter Jurisdiction

Defendants assert a facial challenge to the Court's subject matter jurisdiction under Rule 12(b)(1) based on Plaintiff's failure to allege complete diversity between parties for diversity jurisdiction and to identify a federal statute or constitutional right at issue for federal question jurisdiction pursuant to 28 U.S.C. §§ 1331–32. Defendants argue that Plaintiff's claims are also barred by the *Rooker-Feldman* Doctrine as a final State Court judgment was rendered in the State Court Action.

"The plaintiff must adequately allege a basis for federal jurisdiction by including 'a short and plain statement of the grounds for the court's jurisdiction' in the complaint." *Walthour v. City of Philadelphia*, 852 F. App'x 637, 638 (3d Cir. 2021) (quoting Fed. R. Civ. P. 8(a)(1); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106 (3d Cir. 2015)).

1. <u>Diversity Jurisdiction</u>

Here, subject matter jurisdiction fails under diversity jurisdiction because the parties have not met the "complete diversity" requirement. Complete diversity is established when no plaintiff is a citizen of the same state as any defendant(s). *See* 28 U.S.C. § 1332(a); *see also Gardner ex rel. v. Inglis House Corp.*, 322 F.Supp.3d 644, 646 (E.D. Pa. 2018) (citing *Zambelli Fireworks*

11

*Mfg. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). Plaintiff has pled that he resides in New York and has indicated that at least one of the Defendants, V4, has a New York principal place of business. (*See* Compl. at *68.) Therefore, diversity jurisdiction is not met, and the Court lacks subject matter jurisdiction on this basis.

### 2. Federal Question Jurisdiction

Here, Plaintiff asserts eight causes of action under Section 2C:20-20 of the New Jersey Code of Criminal Justice (*See* Compl. ¶ 3, and *generally*.) However, Plaintiff has neither cited to nor raised any federal statute, treatise, or constitutional provision as an issue in this case. Moreover, Plaintiff fails to argue that the Section 2C:20-20 of the New Jersey Code "arises under" federal law for the purposes of federal question jurisdiction. Accordingly, the Court lacks subject matter jurisdiction based on federal question.

### 3. The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims

Furthermore, even if this Court were to find that the Complaint successfully alleges diversity or federal question jurisdiction, the *Rooker-Feldman* doctrine would still prevent the case from proceeding in a federal court. "The *Rooker-Feldman* doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication." *Gittens v. Kelly*, 790 F. App'x 439, 440 (3d Cir. 2019) (per curiam). In other words, district courts are barred "from sitting as appellate courts for state court judgments." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). The doctrine is "confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting the district court to review and rejection of those judgments.'" *Id*. at 441 (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). The doctrine applies to cases when four requirements are met: "(1) the federal plaintiff lost in state

court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id*. (alterations in original) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d. Cir. 2010)).

Here, all four prongs are met. First, Plaintiff was a defendant in the State Court Action, in which Defendants obtained favorable judgments from the State Court. (*See e.g.*, Tringali Decl., Ex. G; Compl. ¶ 17; *id*. at *38, 163).[9] Next, the eight causes of action alleged in Plaintiff's Complaint arise from the enforcement of the March 8, 2022 judgment and orders obtained in the State Court Action that granted the remedy of specific performance and the enforcement of the remedy, the titles were transferred to MAR and TAG pursuant to the mechanisms provided for in those orders before Plaintiff filed this action. (*See* Compl. at *46-62; Tringali Decl., Ex. G.) Finally, the relief sought by Plaintiff is the cancellation and voidance of the State Court judgment and orders themselves or the resulting enforcement abilities resulting therefrom.[10] (*See* Compl. at *68-69.) Thus, Plaintiff is "inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co.*, 615 F.3d at 166 (internal citations omitted). As Plaintiff has failed to state a claim independent of that heard in the State Court Action, the Court finds that the *Rooker-Feldman* doctrine precludes it from exercising jurisdiction over the instant action. *Lane*

---

[9] Plaintiff appealed the State Court judgments, and on April 21, 2023 the New Jersey Appellate Division affirmed the State Court. (*See* Tringali Decl., Ex. H). Plaintiff then filed a petition for certification with the New Jersey Supreme Court concerning the State Court Action, which was denied on April 2, 2024. (*See* JHT Decl., Ex. L.)

[10] Plaintiff's "Prayer for Relief" requests that the Court: (A) cancel the deeds to the corporate defendants and any entity owned by Salermo; (B) cancel any application made to the state or the National Housing Trust Fund; (C) declare the December 8, 2022 Judgment and Order by Judge Adubato "void for Lack of Jurisdiction"; (D) declare the June 24, 2022 Judgment and Order by Judge Paganelli "void for Lack of Jurisdiction"; (E ) cancel the Court Appointed Agent "illegal void and invalid for violation of New Jersey Rule 4:53-4"; (F) requiring Salermo to repair the damages at 75 Isabella Avenue (Lot 49); (G) barring Salermo from applying for funds, grants and loans "with plaintiff's properties;" (H) barring Salermo "and his companies" (including entities not parties to this action) "to leave plaintiff alone"; (I) awarding disgorgement of all financial benefits "from the theft, through repeated and persistent possession and control of plaintiff's properties known as 71-75 Isabella Avenue, Newark, New Jersey, of an amount to be determined at trial but estimated to be $12,000,000 plus prejudgment interest."  (Compl. at *68- 69.)

*v. New Jersey*, 753 F. App'x 129, 131 (3d Cir. 2018) (upholding the District Court where it dismissed plaintiff's complaint on *Rooker-Feldman* grounds where plaintiff complained of injuries arising from state court custody orders). Moreover, as explained more fully below, the deficiencies in Plaintiff's Complaint cannot be cured through any proposed amended pleadings, and the Court finds that any future amendment would be futile.

Accordingly, Defendants' motions to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction will be granted, and Plaintiff's Complaint will be dismissed without prejudice and without leave to amend. *See, e.g., Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 105 (3d Cir. 2012) (affirming district court's dismissal pursuant to the *Rooker-Feldman* doctrine for lack of subject-matter jurisdiction under Rule 12(b)(1)).

Because the Court is divested of subject matter jurisdiction under the *Rooker-Feldman* doctrine, it will not address Defendants' remaining arguments related to the Entire Controversy Doctrine, *res judicata*, or pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Amendment of the Complaint is Futile

As an initial matter, the Court notes that Plaintiff filed the second motion to amend (ECF No. 78) while his first motion to amend (ECF No. 69) was still pending. As a result, Plaintiff's first motion to amend will be denied as moot.

As for Plaintiff's second motion to amend, Defendants argue that it should be denied as futile because Plaintiff's Second Amended Verified Complaint (ECF No. 78-3) cannot and does not cure the deficiencies in Plaintiff's original Verified Complaint w. (*See* ECF Nos. 79 at 2; 80 at 7-8; 81 at 2.) The Court agrees.

The Federal Rules of Civil Procedure generally require the Court to "freely give leave [to amend] when justice so requires," i.e., allow for amendment when in the absence of any equitable reason to deny such an opportunity. Fed. R. Civ. P. 15. Courts also generally grant *pro se* plaintiffs,

like Plaintiff here, leave to amend where possible. *See Gambrell v. Arias*, Civ. A. No. 14-6758, 2015 WL 13647384, at *1 (D.N.J. May 5, 2015) (stating that "[b]ased on Plaintiffs' *pro se* status, I will give them leave to amend their complaint"); *Johnson v. Performance Food Grp.*, Civ. A. No. 10-3742, 2010 WL 4668346, at *3 (D.N.J. Nov. 5, 2010) ("In light of Plaintiff's *pro se* status, Plaintiff is hereby granted leave to amend his complaint to cure the pleading deficiencies.").

Here, Plaintiff has not yet been granted any opportunity to amend the Complaint; however, the Court finds that an amendment would be futile due to the *Rooker-Feldman* doctrine. *See Pydeski v. Aetna Ins. Co. Disability Servs.*, Civ. A. No. 18-15305, 2019 WL 13396864, at *2 (D.N.J. Sept. 4, 2019) (noting that "courts in this Circuit are required to grant a *pro se* Plaintiff leave to amend a deficient Complaint unless amendment would be inequitable or futile"). The proposed Second Amended Verified Complaint restates Plaintiff's prior allegations under newly named causes of action, adding and removing certain parties, while continuing to seek similar relief to effectively bar Defendants from exercising their rights accruing from the issuance of the State Court judgment and orders. Although a change of the parties or more specified allegations of violated federal law could facially provide subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332, the *Rooker-Feldman* doctrine would still bar any future complaint given Plaintiff's factual allegations and the underlying final judgment rendered in the State Court Action. Thus, the Court finds it appropriate to deny Plaintiff's motion to amend due to the absence of remedies to address the identified deficiencies. Accordingly, Plaintiff's second motion to amend will be denied.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (ECF Nos. 10, 11, 14, 15, 18, 20) are **GRANTED** and Plaintiff's Complaint (ECF No. 1)

is **DISMISSED** *without prejudice* **and without further leave to amend** pursuant to the *Rooker-Feldman* doctrine. The motion filed by the Acre Defendants at ECF No. 66 shall be **Administratively Terminated.** Plaintiff's first motion to amend (ECF Nos. 69) is **DENIED as MOOT**, and Plaintiff's second motion to amend (ECF No. 78) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED:** March 29, 2025

_____
**JULIEN XAVIER NEALS**
**United States District Judge**